19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny B. SHORT, Defendant-Appellant.
 No. 93-3689.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1994.
Decided March 2, 1994.
Rehearing Denied April 6, 1994.
 
 Before CUMMINGS, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 In our opinion of August 23, 1993, we affirmed the defendant's convictions while vacating his sentence with instructions that it be remanded for the district court to make an independent determination whether a preponderance supports the defendant's sentence. After our remand the district court made its independent findings and sentenced the defendant to a term of forth-eight months imprisonment, an upward departure from the guidelines of seven months, to be followed by a period of three years of supervised release. Here defendant appeals this sentence arguing that the district court's upward departure from the guideline range is not supported by a sufficient evidentiary record and thus unreasonable. As an appellate court our standard of review over the sentencing-related findings of a trial court is that they must be clearly erroneous before we may overturn them.
 
 
 2
 At the resentencing hearing the federal government presented clear and compelling testimony of two law enforcement officers who recounted their actions and those of their colleagues in responding to and investigating the reports of the defendant's violent behavior. The district court then made a finding that these violent acts had occurred. The central issue here is whether these findings are sufficiently supported by the record, and thus not clearly erroneous.
 
 
 3
 Apparently, the defendant's principal objection is that the officer's testimony is impermissible because it was based on hearsay. Admittedly, much of what the officers testified to was based upon the versions communicated to them by others, most notably the victim of the defendant's assaults, and thus hearsay. However, it is well established that hearsay evidence of this variant is not only admissible at a sentencing hearing but appropriately relied upon by a sentencing court judge in determining an appropriate sentence. See e.g. United States v. Torres, 977 F.2d 321, 330 (7th Cir.1992); United States v. Harty, 930 F.2d 1257, 1268 (7th Cir.1991).
 
 
 4
 In this case, the district court has adequately stated a reason for its upward departure from the guidelines. Its decision was premised upon a finding, supported by the record, that the defendant had engaged in the violent conduct for which he had been formerly charged. Because the extent of this upward departure, seven additional months, is not unreasonable we affirm the decision of the district court.
 
 
 5
 AFFIRMED.